**SO ORDERED.**

**SIGNED this 26th day of February, 2013.**

THOMAS W. WALDREP, JR.
UNITED STATES BANKRUPTCY JUDGE



---

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| STEVEN K. GILLEY, | ) | Case No. 12-11443 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| STEVEN K. GILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 12-02066 |
| | ) | |
| v. | ) | |
| | ) | |
| SECURITIES & EXCHANGE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the motion to dismiss this adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim (the "Motion"), filed by the Securities and Exchange Commission (the "SEC"). On November 28, 2012, the Debtor filed a complaint seeking a determination that a debt

1

owed to the SEC based on a settlement did not fall under the nondischargeability exception provided by Section 523(a)(19) of the Bankruptcy Code and that a civil penalty owed to the SEC did not constitute a debt under Section 101(12).  Upon consideration of the Motion, the Response thereto, and the arguments of counsel, and for the reasons that follow, the Court will deny the Motion in part and grant it in part.

## I. FACTS

On May 13, 2005, the SEC filed a complaint in the Northern District of Georgia against the Debtor and two other individuals, alleging securities fraud and violations of other federal securities laws resulting from a $60 million Ponzi scheme. With regard to the Debtor specifically, the SEC's complaint alleged that the Debtor unlawfully sold unregistered securities, was not registered as a broker-dealer when selling certain billboards, and failed to disclose material information to investors. The SEC further alleged that the Debtor sold approximately $4.7 million in investments and received $1.3 million in commissions as well as a portion of the commissions paid to his sub-agents.

On April 24, 2006, the Debtor and the SEC executed and filed a consent to the entry of a permanent injunction and disgorgement, without admitting or denying any of the allegations of the complaint. The Debtor further agreed to refrain from taking any action or making a public statement denying any allegation in the complaint and to withdraw any papers in the district court action that deny any allegation in the complaint. On May 1, 2006, the district court entered a Judgment of Permanent Injunction and Disgorgement (the "Disgorgement Judgment"), which incorporated the terms of the consent. The Disgorgement Judgment stated that the Debtor was liable for the disgorgement of profits and for prejudgment interest, in a total amount of $1,936,898.00.

Nearly two years later, on January 22, 2008, after the district court issued an order to show cause as to why the action should not be dismissed for failure to prosecute, the SEC filed a motion for summary judgment seeking, among other things, a civil penalty against the Debtor based on his participation in the Ponzi scheme. On July 9, 2008, the district court issued a lengthy order granting the SEC's motion for summary judgment. The order noted that although dismissal of the case for failure to prosecute would be appropriate, justice would be "ill-served" by the dismissal of claims that could benefit victims who had no control over the SEC. Sec. & Exch. Comm'n v. Hollenbeck, 1:05-CV-1271-WBH (July 9, 2008 N.D. Ga.). The order further noted that the Debtor's "violations were not particularly reprehensible or egregious" and imposed a $5,000.00 civil penalty. Id. On July 23, 2008, the district court entered a final judgment as to the civil penalty (the "2008 Judgment").

On September 28, 2012, the Debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code, but the Debtor voluntarily converted the case to Chapter 7 after the SEC filed a motion to dismiss the case. However, shortly before the conversion, the Debtor initiated this adversary proceeding by filing a complaint that seeks a determination of dischargeability as to the two debts owed to the SEC. Count 1 seeks a determination that the $1,936,898.00 debt arising from the Disgorgement Judgment is dischargeable because the Debtor neither admitted nor denied the allegations of the SEC's district court complaint, so the debt is not for the violation of federal securities laws as contemplated by Section 523(a)(19). Count 2 seeks a determination that the $5,000.00 civil penalty is not a debt under Section 101(12) because, following the

certification of the Disgorgement Judgment as a final order, the district court lacked jurisdiction over the Debtor to enter the 2008 Judgment.

On December 20, 2012, the SEC filed the Motion, arguing that the Disgorgement Judgment is for the violation of federal securities laws because all counts of the district court complaint were for violations of securities laws and that the 2008 Judgment expressly found that the Debtor violated federal securities laws. With respect to Count 2, the SEC argues that the district court had jurisdiction over the matter, and the Debtor cannot now collaterally attack jurisdiction in this Court. In response, the Debtor argues that the findings of the 2008 Judgment should not be retroactively applied to the Disgorgement Judgment that was entered nearly two years prior.

## II. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in Stern v. Marshall, 564 U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

## III. STANDARD OF REVIEW

A Rule 12(b)(6) motion serves to test the sufficiency of the complaint. The standard of review for a Rule 12(b)(6) motion is well known; to survive such a motion, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 n. 26 (4th Cir. 2009) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A complaint is facially plausible if it pleads factual allegations that would allow the court to reasonably infer the plaintiff's entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Twombly, 550 U.S. at 556. The Court "must accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences therefrom in the plaintiff's favor. Kensington Volunteer Fire Dept. Inc. v. Montgomery County, Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). The court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Wahi, 562 F.3d at 616 n. 26) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 219 (4th Cir. 2006)). Thus, the Complaint need only plead sufficient factual allegations leading to a reasonable inference that the Debtor is entitled to relief.

## IV. LEGAL ANALYSIS

Congress adopted Section 523(a)(19) of the Bankruptcy Code as part of the Sarbanes-Oxley Act of 2002, purporting to address systematic and structural weaknesses revealed in a breakdown in corporate financial and broker-dealer responsibility. 148 Cong. Rec. S6327 (daily ed. July 8, 2002) (statement of Sen. Sarbanes). Section 523(a)(19) intended to "amend the Bankruptcy Code to make judgments and settlements based upon securities law violations non-dischargeable, protecting victims' ability to recover their losses." 148 Cong. Rec. S1787 (daily ed. March 12, 2002) (statement of Sen. Leahy). Section 523(a)(19) provides an exception from discharge for a debt that—

    (A) is for—
        (i)    the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of

          1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
- (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
- (B) results, before, on, or after the date on which the petition was filed, from—
  - (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
  - (ii) any settlement agreement entered into by the debtor; or
  - (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

11 U.S.C. § 523(a)(19).

The party seeking to establish an exception to the discharge of debt bears the burden of proof. In re Whitcomb, 303 B.R. 806, 809 (Bankr. N.D. Ill. 2004) (citing In re Harasymiw, 895 F.2d 1170, 1172 (7th Cir 1990)). Exceptions to discharge are to be narrowly construed. In re White, 128 Fed. Appx. 994, 998 (4th Cir. 2005); In re McNallen, 62, F.3d 619, 625 (4th Cir. 1995). Due to the fresh start objectives of bankruptcy, any doubt as to an exception to discharge is to be resolved in the debtor's favor. New Neighborhoods, Inc. v. West Virginia Workers' Comp. Fund, 886 F.2d 714, 719 (4th Cir. 1989).

Proper application of Section 523(a)(19) requires a determination of culpability as to the violation of securities laws. See In re Stalter, 2012 Bankr. LEXIS 4444, *7 (Bankr. E.D. Mich. Sept. 25, 2012), In re Allison, 2012 Bankr. LEXIS 3983 (Bankr. E.D.N.C. Aug. 29, 2012); In re Quibell, 2012 WL 1144422 (Bankr. M.D. Pa. April 4, 2012); In re Pujdak, 462 B.R. 560, 573 (Bankr. D. S.C. 2011); In re Whitcomb, 303 B.R. 806 (Bankr. N.D. Ill. 2004). Where a settlement agreement is silent as to fault or fails to contain language that the debt is not dischargeable, the settlement agreement does not

independently establish that the debtor committed securities violations.  In re Tills, 419 B.R. 444, 452 (Bankr. S.D. Cal. 2009).

The "interpretation of a consent decree or judgment is a question of contractual interpretation."  G.G. Marck and Assocs., Inc. v. Peng, 309 Fed. Appx. 928, 934 (6th Cir. 2009) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 372 (6th Cir. 1998)).  "[T]he Court must accept the consent decree 'as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation.'"  Sec. & Exch. Comm'n v. Gen. Host Corp., 438 F. Supp. 105, 109 (S.D.N.Y. 1977) (returning funds resulting from a settlement of a securities law violation complaint to a defendant because the settlement did not admit or deny any allegations (quoting United States v. Armour & Co. 402 U.S. 673, 682 (1971))).  The Supreme Court has held that the "scope of a consent decree must be discerned within its four corners, and not . . . by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation.'"  Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 574 (1984) (quoting Armour, 402 U.S. at 681-82).  However, an evaluation of the circumstances leading to the formation of the consent order does not stray from the four corners rule.  United States v. ITT Continental Baking Co., 420 U.S. 223, 238 (1975).

Here, Count 1 of the Debtor's complaint requests a declaration that the debt arising from the Disgorgement Judgment is dischargeable.  The complaint alleges that the Disgorgement Judgment is not a debt for the violation of federal securities laws as contemplated by Section 523(a)(19) because the Debtor neither admitted nor denied the allegations in the SEC's district court complaint. The only issue before the Court at the

motion to dismiss stage is whether this is a plausible claim for relief. On its face, the Disgorgement Judgment makes no determination that the Debtor did in fact violate securities laws. The Disgorgement Judgment explicitly states that the Debtor neither admits nor denies any of the allegations. Interpreting the Disgorgement Judgment and other facts in the light most favorable to the Debtor, the Disgorgement Judgment does not, on its face, show liability for the violation of securities laws. Accordingly, the Debtor has stated a plausible claim for dischargeability.

With regard to Count 2 of the Complaint, all of the documents from the district court case attached to the Motion and the Response acknowledge that the district court had subject matter jurisdiction. Four years after entry of the 2008 Judgment, the Debtor seeks to question the district court's jurisdiction. Simply put, this Court is not the appropriate forum to challenge the district court's ability to enter the 2008 Judgment. Moreover, it is not a proper exercise of the equitable power given to this Court under Section 105 to ignore the 2008 Judgment rendered by the district court. Thus, even viewing the allegations in the light most favorable to the Debtor, Count 2 of the Complaint does not state a claim for which relief can be granted. Accordingly, as to Count 2, the Motion is granted.

## V. CONCLUSION

Taken in the light most favorable to the Debtor, the Complaint states a plausible claim for relief as to the determination of non-dischargeability under Section 523(a)(19). As Count 2 seeks to challenge a district court's jurisdiction, it is not a proper claim to be brought before this Court. Therefore the Motion will be DENIED as to Count 1 and GRANTED as to Count 2.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

END OF DOCUMENT