UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Stephen K. Gilley, | ) | Case No. 12-11443 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Stephen K. Gilley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 12-2066 |
| | ) | |
| Securities and Exchange | ) | |
| Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

This adversary proceeding came before the court on August 6, 2013 for hearing on cross motions for summary judgment filed by Stephen K. Gilley ("Gilley") and the Securities and Exchange Commission ("SEC"). Based on the Motions, the briefs, and the other filings submitted in support of and in opposition to the Motions, the court will grant the SEC's Motion for Summary Judgment. Gilley's Motion for Summary Judgment will be denied.

FACTS

On May 13, 2005, the SEC filed a complaint in the United States District Court for the Northern District of Georgia against Gilley and two other individuals, alleging securities fraud and violations of other federal securities laws resulting from a $60,000,000 Ponzi scheme. The SEC alleged that Gilley unlawfully

sold unregistered securities, was not registered as a broker-dealer when selling certain billboards, and failed to disclose material information to investors. The SEC sought a permanent injunction against Gilley, an order requiring Gilley to disgorge ill-gotten gains and/or unjust enrichment, and civil penalties. Gilley did not respond to the Complaint, and on March 15, 2006, the Clerk entered a default against him, amounting to an admission of the Complaint's factual allegations. Thereafter, on April 24, 2006, Gilley and the SEC executed and filed a Consent by Stephen K. Gilley. In the Consent, Gilley (i) consented to entry of a judgment of permanent injunction and disgorgement, without admitting or denying the allegations of the complaint, (ii) agreed to comply with the SEC's policy of not permitting a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint, and (iii) agreed not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. On May 1, 2006, the district court entered a Judgment of Permanent Injunction and Disgorgement ("Disgorgement Judgment"), which incorporated the terms of the consent and adjudged that Gilley was liable for the disgorgement of profits and for prejudgment interest in a total amount of $1,936,898.

No further action was taken by the SEC in the district court action until January 22, 2008, when the SEC filed a motion for summary judgment for the remaining relief sought in the complaint, i.e., civil penalties against Gilley based on his participation in the Ponzi scheme.  On July 9, 2008, the district court issued an order granting the SEC's motion for summary judgment and imposing a $5,000 civil penalty.  In the order granting the SEC's motion, the court found that the SEC had "established that Gilley violated sections 5(a), 5(c), and 17(a) of the Securities Act, section 10(b) of the Securities and Exchange Act, and the underlying Rule 10b-5, and section 15(a) of the Securities and Exchange Act."  2008 Summ. J. Order, p.16.  Moreover, the court determined that "Gilley knew that the investment vehicle that he was selling was not what he was representing" and there was "sufficient evidence to conclude that Gilley employed a device, scheme, or artifice to defraud."  Id. at p.15-16.

Gilley filed for relief under Chapter 13 on September 28, 2012, but voluntarily converted the case to Chapter 7 after the SEC filed a motion to dismiss.  Shortly before the conversion, Gilley initiated this adversary proceeding, seeking a determination of dischargeability as to the indebtedness owed to the SEC.  Count One of the complaint seeks a determination that the $1,936,898 debt arising from the Disgorgement Judgment is dischargeable because Gilley neither admitted nor denied the allegations of the SEC's

district court complaint, so the debt is not for the violation of federal securities laws as contemplated by section 523(a)(19). Count Two, which has since been abandoned by Gilley, sought a determination that the $5,000 civil penalty is not a debt under Section 101(12).  Both parties have moved for summary judgment on Count One.

## STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr.P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party."  Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001)).  The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any.  Celotex, 477 U.S. at 323, 106 S.Ct. 2548.  Once the moving party has met its initial burden of proof, the non-moving party must then set forth specific facts sufficient to raise a genuine issue for trial.  Matsushita

- 4 -

Elect. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52, 106 S.Ct. 2505. Having reviewed the record that is before the court in accordance with the foregoing standard, the court is satisfied that there are no material issues of fact regarding the applicability of section 523(a)(19) in this proceeding and that the applicability of section 523(a)(19) can be determined as a matter of law.

## DISCUSSION

Pursuant to 11 U.S.C. § 523(a)(19), a monetary debt is nondischargeable to the extent that it is for the violation of any federal or state securities laws (or related regulations or orders) resulting in a judgment, order, consent order, or decree entered in any federal or state judicial or administrative proceeding. The parties dispute whether the 2006 Disgorgement Judgment qualifies as one "for a violation" of securities laws under section 523(a)(19). Gilley argues that the two requirements of section 523(a)(19) are not satisfied because the judgment giving rise to the debt was

- 5 -

entered pursuant to a waiver of any findings of fact and conclusions of law. Gilley argues that the Disgorgement Judgment does not contain a finding of a violation of securities law or common law fraud in connection with the sale of securities and that the debt at issue is therefore not "for" a violation of securities law. For the reasons that follow the court concludes that the debt arising from the Disgorgement Judgment is for the violation of federal securities law, and therefore nondischargeable under section 523(a)(19).

A.  The Language of the Disgorgement Judgement is Sufficient to Find The Debt Nondischargeable

The terms of the Disgorgement Judgment standing alone sufficiently establish a debt for violations of securities laws. The debt results from stipulations contained in a Consent and corresponding Disgorgement Judgment that resolved allegations that Gilley violated securities laws. The complaint filed by the SEC contains counts against Gilley only for securities law violations, specifically sections 5(a), 5(c), and 17(a) of the Securities Act and section 10(b) and 15(a) of the Exchange Act. Although Gilley elected not to litigate the merits of those claims and the SEC did not require Gilley to expressly admit guilt as part of the settlement, Gilley consented to the entry of judgment which found him "liable for disgorgement of $1,749,392, representing profits gained as a result of the conduct alleged in the Complaint." Docket No. 34, Ex. 3 at p. 5 (emphasis added). Thus whether or not

Gilley expressly admitted guilt as part of the settlement, the terms of the Consent explain the origin of the disgorged debt, to wit, the securities violations alleged by the SEC in the complaint. Since the complaint alleged only violations of securities laws the disgorgement ordered could have been for nothing other than Gilley's violation of securities laws.  The court therefore need look no further than the plain terms of the Disgorgement Judgement itself to conclude that the debt is for a violation of securities laws and nondischargeable under section 523(a)(19).

The court is unpersuaded by the authority cited by Gilley.  In Oklahoma Department of Securities v. Wilcox, 691 F.3d 1171, 1175 (10th Cir. 2012), the Oklahoma Department of Securities brought an adversary proceeding against investors in a Ponzi scheme, seeking a determination that the disgorgement judgments that it had previously obtained against the investors under the Oklahoma Uniform Securities Act were nondischargeable under section 523(a)(19).  Unlike Gilley, however, the defendants in Wilcox were not charged with a violation of securities laws, a fact which the Tenth Circuit emphasized in refusing to find the debt nondischargeable under section 523(a)(19).  Id. at 1175 ("Although the Department argues such unjust enrichment is a violation of the securities laws, the Oklahoma Supreme Court clearly stated '[t]he defendants were not charged with securities violations.'"); Id. at 1176.  Indeed, the Tenth Circuit observed in dicta that had the

- 7 -

Oklahoma Department of Securities prosecuted the debtors for securities violations successfully, "any judgment it obtained would no doubt be considered nondischargeable under § 523(a)(19)." Id. at 1176 (emphasis added). The complaint filed by the SEC, by contrast, alleges only violations of securities law, and Gilley was subsequently found to have violated such laws by the district court. Nor is the court persuaded by the case of In re Tills, 419 B.R. 444 (Bankr. S.D.Cal. 2009), in which the court concluded that although "settlement agreements can independently satisfy section 523(a)(19)" the ambiguous terms of the specific settlement before the court were sufficient to create a triable issue of material fact as to whether the debt at issue was for a securities law violation. In Tills, the debtor entered into a settlement with a victim of his alleged securities law violations which, in addition to neither admitting fault nor liability, expressly preserved the debtor's right to contest liability or fault. Id. at 453. Pursuant to this right, the debtor "ardently argued his innocence" in the dischargeability proceedings. Id. at 457. By contrast, Gilley does not deny the SEC's allegations that he engaged in conduct which violated securities law. Moreover, Gilley agreed not to deny any allegations in the SEC's complaint. Consent of Stephen K. Gilley, at ¶ 10. Tills is also distinguishable because, unlike the case now before the court, no judgment was entered pursuant to the settlement. Finally, Gilley cites McKinny v. Allison (In re

- 8 -

Allison), 2012 Bankr. LEXIS 3983 (Bankr. E.D.N.C. Aug. 29, 2012).
Unlike the present case in which the SEC sought relief only for
violations of securities laws, in Allison the plaintiff initiated
an action against the defendant in district court seeking recovery
for securities fraud and the breach of a promissory note. The
parties later entered into a settlement agreement, and after the
defendant was unable to make the agreed upon payments, the
settlement was amended. The defendant subsequently defaulted on
the amended settlement, and a stipulated judgment was entered in
favor of the plaintiff. After the defendant filed for chapter 11
bankruptcy protection, the plaintiff brought a nondischargeability
action, alleging that the debt owed by the debtor-defendant was
nondischargeable under section 523(a)(19) as a matter of law under
the terms of the stipulated judgment. At summary judgment, the
bankruptcy court determined that it could not determine as a matter
of law that the debt was for a violation of securities law given
that the judgment provided merely the amount of the judgment and
interest, and did not specify whether the award was based on the
failure to pay the promissory note or the alleged violation of
securities law. The accompanying order provided only that a
default occurred under the settlement. The case now before the
court is distinguishable from Allison because the SEC's complaint
sought relief only for Gilley's violations of securities law;
therefore, there is no issue regarding the type of claim the

Consent and Disgorgement Judgment settled.   Moreover, unlike the
nonspecific terms of the settlement in <u>Allison</u>, the terms of the
Disgorgement Judgment clearly state that Gilley is liable for the
disgorgement debt as a result of the conduct alleged in the
complaint.   Given these factual differences, the court is
unpersuaded by the decision in <u>Allison</u>.

B.   The 2008 Summary Judgment Order Also Establishes That The
     Disgorgement Debt Is for A Violation of Securities Laws

Contrary to Gilley's position that the court's examination is
constrained by the four corners of the Disgorgement Judgment, it is
well established that the court may conduct an analysis of the
genesis of the claims in the SEC's complaint in order to determine
whether the debt at issue is nondischargeable.   In <u>Brown v. Felsen</u>,
442 U.S. 127, 99 S.Ct. 2205 (1979), the Supreme Court held that
when determining the dischargeability of a debt previously reduced
to a judgment bankruptcy courts have authority to make the broadest
inquiry possible into a debtor's conduct and are not limited to
consideration of only the findings and conclusions contained in
underlying record.   In <u>Brown</u>, the parties had entered into a
stipulation to settle a lawsuit alleging money had been obtained
through fraud.   As a result, the state court entered a consent
decree in accordance with the stipulation providing for the
defendant to pay a sum certain to the plaintiff.   <u>Id.</u> at 129.
Neither the stipulation nor the consent decree entered by the state
court indicated the cause of action upon which the liability was

- 10 -

based and, therefore, there was no finding of fraud. Id.
Thereafter, the defendant filed for bankruptcy relief and sought to
have its debt discharged.  The debtor, like Gilley, argued that
because the stipulation and consent judgment did not make any
reference to fraud, the bankruptcy court was precluded from
considering extrinsic evidence to determine the nature of the debt
to ascertain whether it was dischargeable.   The Supreme Court
disagreed and concluded that when considering the dischargeability
of a debt, a bankruptcy court is not confined to a review of the
judgment and record in the prior state-court proceeding.   Id. at
138-39.  The Supreme Court noted that "the mere fact that a
conscientious creditor has previously reduced his claim to judgment
should not bar further inquiry into the true nature of the debt."
Id. at 138.  The holding of Brown was later extended in Archer v.
Warner, 538 U.S. at 323, 123 S.Ct. 1462 (2003) to instances where
parties settle a state court action based upon fraud even where
there is no resulting judgment entered by the state court.   The
Supreme Court saw no difference between looking behind a
stipulation that results in a consent judgment to determine whether
it reflected settlement of a valid claim for fraud, and looking
behind a settlement.  See In re Kummerfeld, 444 B.R. 28, 38 (Bankr.
S.D.N.Y. 2011).  Citing Brown and the current "any debt" language
of section 523(a), the Supreme Court concluded in Archer that "the
fullest possible inquiry" was intended "to ensure that 'all debts

- 11 -

arising out of' fraud are excepted from discharge,' no matter what their form." <u>Archer</u>, 538 U.S. at 321.

<u>Brown</u> and <u>Archer</u> are directly applicable to this case, and permit the court to look beyond the four corners of the Disgorgement Judgment in order to determine whether the conduct giving rise to the Disgorgement Judgment involved a violation of the securities laws as alleged in the SEC's complaint.   In some cases, such a determination would require an evidentiary hearing involving the testimony of witnesses and the introduction of exhibits.   This case, however, is different because the order granting summary judgment entered in the district court in 2008 obviates the need for such an evidentiary hearing.

On July 9, 2008, the district court entered an order which granted the SEC's motion for summary judgment and made a specific finding that Gilley's conduct violated sections 5(a), 5(c), and 17(A) of the Securities Act, section 10(b) of the Exchange Act, and the underlying Rule 10b-5, and section 15(a) of the Exchange Act. Summ. J. Order, p. 16.  Gilley does not contest that these factual findings are binding on him based on the principal of collateral estoppel.[1]  Gilley argues instead that this court may not consider

---

[1]Indeed, the SEC's counterclaim contained specific factual allegations regarding Gilley's fraud on investors and his violations of securities laws, which merely restated the factual findings made by the district court in 2008.  Gilley did not deny the SEC's allegations in this proceeding, and is thus deemed to have admitted these factual allegations about his conduct pursuant to Federal Rule of Civil Procedure 8(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7008(a).

the 2008 summary judgment order because such consideration would constitute impermissible "bootstrapping" of those findings of fact and conclusions of law to the 2006 Disgorgement Judgment.   This argument ignores the teaching of <u>Brown</u> and <u>Archer</u> and is rejected. The record in the district court proceeding clearly falls within the "fullest possible inquiry" contemplated by the Supreme Court in <u>Brown</u> and <u>Archer</u> and the court's consideration of those findings when assessing the Disgorgement Judgment is entirely proper.

The 2008 Summary Judgment Order finding violations of securities laws and imposing civil penalties was based on the same fact pattern and conduct underlying the 2006 Disgorgement Judgment. The 2008 Summary Judgment Order adjudged that such fact pattern involved violations of the securities laws by Gilley.   The binding and preclusive effect of the 2008 Summary Judgment Order therefore removes any doubt as to whether the disgorgement debt is for a violation of the securities laws.   Accordingly, the court concludes that the 2008 Order and Summary Judgment establish as a matter of law that the Disgorgement Judgment is "for" a violation of securities law without regard to whether the Disgorgement Judgment was entered by consent without detailed findings of fact and conclusions of law.[2]

------

[2]The SEC asserts alternatively that the Disgorgement Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) which prohibits the discharge of debts for money or property obtained by fraud, and has moved for summary judgment on this ground.   Because the court has determined that the debt is nondischargeable under section 523(a)(19), it is not necessary to consider the alternative claim

CONCLUSION

The SEC has established that there are no material issues of fact regarding whether the disgorgement debt is for a violation of the securities laws and that such debt is excepted from discharge under 11 U.S.C. § 523(a)(19). Therefore, the SEC's motion for summary judgment is granted and Gilley's motion for summary judgment is denied. A judgment granting the relief sought by the SEC is being entered contemporaneously with the filing of this Memorandum Opinion and Order.

This 19th day of August, 2013.

_William L. Stocks_

WILLIAM L. STOCKS
United States Bankruptcy Judge

---

asserted by the SEC.

- 14 -

PARTIES IN INTEREST


Sophia L. Harvey, Esq.
Carolina Law Partners
300 S. Main Street, Lower Level
Winston Salem, NC 27101

David W. Baddley, Esq.
U.S. Securities & Exchange Commission
950 East Paces Ferry Road NE, Suite 950
Atlanta, GA 30326-1382